UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                         BKY No. 15-40126

**Acuity Medical International, Inc.,**                        Chapter 7

                         **Debtor.**

**MEMORANDUM DECISION AND ORDER**

At Minneapolis, Minnesota, March 8, 2016.

The matter before the Court arises from the objection of Linn Grove Angel Fund LP ("Linn Grove") to the trustee's final report. The chapter 7 trustee ("trustee"), Brian Leonard, filed a response to Linn Grove's objection, as did Marshall Masko and Brian Mowrey, former executives and shareholders of the debtor entity. A hearing on the objection was held on February 24, 2016. Kenneth Corey-Edstrom appeared for Linn Grove; Brian Leonard appeared in his capacity as the trustee; and Marshall Masko and Brian Mowery each appeared on their own behalf.

BACKGROUND

This chapter 7 case was commenced on January 16, 2015, by the filing of an involuntary petition by three petitioning creditors: Linn Grove, McNeely Foundation, and Devicix, LLC. The debtor did not contest the petition. On February 12, 2015, the Court entered an order for relief. The Clerk of this Court issued the Notice to File Claims on May 5, 2015, with an attendant claims bar date of August 7, 2015.[1] The notice was sent to Linn Grove and Kenneth

---

[1] ECF No. 19.

Corey-Edstrom, along with other entities.[2] On August 13, 2015, almost a week after the claims bar date, Linn Grove filed a late proof of claim.[3]

On January 21, 2016, the trustee filed his final report in the case. According to the final report, Linn Grove would get paid nothing on its allowed, but tardily filed claim of $22,987.00.[4] In a timely manner, on January 26, 2016, Linn Grove objected to the trustee's final report, and sought to treat its otherwise tardily filed proof of claim as a timely proof of claim entitled to a pro rata distribution under a theory that the involuntary petition serves as an informal proof of claim, and that the otherwise late proof of claim acts as an amendment to that proof of claim. The matter is now ready for resolution.[5]

---

[2] ECF No. 21. At the hearing, Kenneth Corey-Edstrom represented that Larkin, Hoffman, Daly & Lindgren Ltd., the law firm that represents Linn Grove, has a triple-redundancy system in place to remind about deadlines. Despite that, and for whatever reason, Linn Grove tardily filed a proof of claim.

[3] With the exception of Linn Grove, every entity that filed a proof of claim, including the pro se former shareholders, Marshall Masko and Brian Mowrey, met the deadline.

[4] The Court refuses to rely on equity to overlook the distribution scheme contained in 11 U.S.C. § 726. For Linn Grove's untimely proof of claim, despite it being allowed under 11 U.S.C. § 502(a), means that Linn Grove will occupy the relegated position of § 726(a)(3) for a tardily filed proof of claim, as the trustee aptly pointed out at the hearing. Consequently, Linn Grove's subordinate position to priority claims under § 726(a)(1), and timely filed claims under § 726(a)(2) leaves it with no funds from the distribution.

However, it is also worth noting that Linn Grove may not be left without a remedy; while there was some indication that both Linn Grove and its law firm may have dropped the proverbial ball in failing to file a timely proof of claim, Linn Grove may–and the Court emphasizes *may*–have a remedy in the form of a claim against its law firm, i.e., for admittedly having missed the claims bar date.

[5] Ruling in favor of Linn Grove would require notice of the trustee's final report adjusting Linn Grove's claim, under Fed. R. Bankr. P. 2002(f)(8). That would expose the bankruptcy estate to more fees for the trustee, which in turn would necessarily reduce the overall distribution to unsecured creditors. Ruling against Linn Grove, though, would avoid that

**ISSUE**

Does the involuntary petition here serve as an informal proof of claim?

**DISCUSSION**

The Eighth Circuit has yet to rule on the issue of whether an involuntary petition constitutes an informal proof of claim. For the involuntary petition in this case to qualify as an informal proof of claim, it must: "state the nature and amount of the claim as well as indicate the claimant's intent to hold the debtor liable and pursue the claim." In re Michels, 286 B.R. 684, 691 (B.A.P. 8th Cir. 2002). This qualifying test differs from tests used by other circuits,[6] which may cause courts to arrive at different results when faced with similar facts.[7] Indeed, bankruptcy

---

additional time and expense.

[6]  The Third, Fifth, Sixth, and Tenth Circuits use a five-part test to determine whether an informal proof of claim exists: a document qualifies as an informal proof of claim only if it: (1) is in writing, (2) contains a demand by the creditor on the bankruptcy estate, (3) expresses an intent to hold the debtor liable for the debt, (4) is filed with the bankruptcy court, (5) and if those requirements are satisfied, the bankruptcy court must determine whether, given the particular surrounding facts of the case, it would be equitable to treat the document as a proof of claim. See In re Am. Classic Voyages Co., 405 F.3d 127, 130-31 (3rd Cir. 2005); In re Nikoloutsos, 199 F.3d 233, 236 (5th Cir. 2000); In re M.J. Waterman & Assocs., Inc., 227 F.3d 604, 609 (6th Cir. 2000); In re Reliance Equities, Inc., 966 F.2d 1338, 1345 (10th Cir. 1992). The Ninth Circuit requires that the claim state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable. In re Sambo's Rests., Inc., 754 F.2d 811, 815 (9th Cir. 1985). The Bankruptcy Appellate Panel for the Ninth Circuit has since extrapolated from the Ninth Circuit's test and articulated the following requirements: (1) presentment of a writing, (2) within the time of filing of claims, (3) by or on behalf of the creditor, (4) bringing to the attention of the court, (5) the nature and amount of a claim asserted against the estate. In re Fish, 456 B.R. 413, 417 (B.A.P. 9th Cir. 2011). The Eleventh Circuit requires that the document apprise the bankruptcy court of the nature and amount of the claim as well as evidence an intent to hold the debtor liable. In re The Charter Co., 876 F.2d 861, 864 (11th Cir. 1989).

[7]  Judge Grant also recognized this recipe for inconsistent decisions: "For every decision which comes to the conclusion that something constitutes an informal proof of claim, one can easily find another saying that it does not." In re Frink, 366 B.R. 870, 874 (Bankr. D.

courts in other circuits have had occasion to touch upon this issue under other qualifying tests. See In re Cavalier Indus. Inc., No. 99-3173 DWS, 2003 WL 716291 (Bankr. E.D. Pa. Feb. 6, 2003); In re Wilbert Winks Farm Inc., 114 B.R. 95 (Bankr. E.D. Pa. 1990); In re Willard, 240 B.R. 664 (Bankr. D. Conn. 1999).  Thus, there exists a need for the Court to proceed judiciously in analyzing an issue drenched in uncertainty.[8]  These analytical steps, outlined below, show that this involuntary petition is not an informal proof of claim.

Here, the involuntary petition satisfies several of the elements necessary for an informal proof of claim.  It expressly states "3 Term Loan Notes" and "$22,987.00" for "the nature and amount of the claim," respectively, at the part of the involuntary petition that asks for that

---

Ind. 2007) (citations omitted).

[8] The need to proceed cautiously is amplified by both Linn Grove's and the trustee's misplaced reliance on decisions from outside the Eighth Circuit.  Linn Grove relies upon In re Wilbert Winks Farm, 114 B.R. 95, 97 (Bankr. E.D. Pa. 1990) as support to show "the involuntary petition, the document which brought the case here in the first place, was the archetype of a pleading filed with the bankruptcy court which showed [the creditor's] intent to hold the estate liable and that it was making a demand against the estate sufficient to qualify it as an informal proof of claim."  The test used in that case lacks language to gauge an indication of the claimant's intent to pursue its claim, which our test requires.  See  In re Michels, 286 B.R. at 691.  Further, any persuasiveness held by In re Wilbert Winks Farm is called into question by more recent authority that changed the standard to determine the existence of an informal claim, which would be binding upon that bankruptcy court now.  See In re Am. Classic Voyages Co., 405 F.3d 127 (3rd Cir. 2005).

The trustee also misplaces his reliance.  The bulk of the trustee's arguments is pegged to the standard used in the Sixth Circuit, which is at odds with binding precedent in our circuit.  In addition to not tracking the elements of our test, the Sixth Circuit's test requires a written document to be filed with the bankruptcy court.  In re M.J. Waterman & Assoc., Inc., 227 F.3d 604, 609 (6th Cir. 2000).  In contrast, Eighth Circuit law, In re Haugen Constr. Serv., Inc., does not require a written document to be filed with the bankruptcy court.  In re Haugen Constr. Serv., Inc., 876 F.2d 681,682 (8th Cir. 1989).  Together, such reliance by the trustee and Linn Grove on decisions outside the Eighth Circuit underscores this Court's need to proceed with circumspection.

information.  In re Michels, 286 B.R. at 691.  The nature of this involuntary petition also indicates Linn Grove's "intent to hold the debtor liable[,]" satisfying that part of the test.  Id. Thus, those elements are satisfied.

However, something is missing–an articulated indication by Linn Grove that it intends to pursue its claim.  Case law in the Eighth Circuit supplies authority to show that the involuntary petition fails to indicate Linn Grove's intent to pursue the claim.  In In re Haugen Constr. Serv., Inc., 876 F.2d 681 (8th Cir. 1989), the court held that the letter sent by a claimant's attorney to the United States Trustee served as an amendable informal proof of claim.  The letter stated that the debtor owed the claimant about $800,000.00, and that the debtor wanted the appointment of a competent trustee to pursue the matter in the chapter 7 proceedings.  Id. at 682.  Further, the court noted that the claimant actively participated in the case prior to its conversion to a case under chapter 7.  Id.

Here, the involuntary petition fails to indicate a similar intention to pursue a claim. Beyond filing the petition, and including the amount and nature of the claim, nothing in it indicates an intent of the claimant to pursue its claim.  For instance, take the McNeely Foundation, another petitioning creditor here.  It stated a claim of $10,644.00 based on a term loan note; however, it never filed a proof of claim.  Can it legitimately be said that the involuntary petition serves as an informal proof of claim for the McNeely Foundation?  To decipher an intention to pursue a claim from this involuntary petition would require this Court to view any involuntary petition as a proper proof of claim for a petitioning creditor, and would be to treat speculation as fact.

In In re Michels, 286 B.R. 684, 692 (B.A.P. 8th Cir. 2002), the court held that a creditor's

documents, and the facts found by the court before the deadline to file a claim established the nature and amount of the claim, as well as the creditor's intent to hold the debtor liable for and to pursue the claim. That creditor filed a response to the debtor's motion for injunctive relief, an objection to the confirmation of the debtor's chapter 13 plan, an objection to the debtor's first amended plan, and a memorandum of law. Id. Here, Linn Grove relies upon an involuntary petition to satisfy all the elements of an informal proof of claim. That reliance, standing alone, fails to amount to the persistent filings of the creditor in In re Michels before the deadline to file a proof of claim. Thus, case law supports this Court's view that Linn Grove failed to indicate an intent to pursue its claim.

In In re Larson, 245 B.R. 609, 614 n.1 (Bankr. D. Minn. 2000), the bankruptcy court held that the claimant's objection to the confirmation of debtor's plan satisfied the elements of an informal proof of claim–it showed that the claimant held a judgment for $53,752.32, and demonstrated the claimant's intent to pursue the claim by objecting to the amount it would receive under the proposed plan. Although an involuntary petition may serve as the first step for a claimant to pursue a claim in bankruptcy, there must be other steps taken to evince an intent to pursue that claim. Here, the involuntary petition fails to carry an indication of an intent to pursue the claim. In that material respect, it differs from the indication of such intent found in In re Larson.

## CONCLUSION

Therefore, the involuntary petition here fails to satisfy the elements of an informal proof of claim for Linn Grove. To accept Linn Grove's argument that the involuntary petition in this case effectively served as its initial proof of claim would eviscerate the requirements for

6

recognizing an informal proof of claim, as articulated by the Eighth Circuit Bankruptcy Appellate Panel in In re Michels. For the reasons set forth above, Linn Grove only holds a tardily filed proof of claim.

**ACCORDINGLY, IT IS ORDERED** that Linn Grove's objection to the trustee's final report is **OVERRULED**.

*/e/ Michael E. Ridgway*
Michael E. Ridgway
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/08/2016*
Lori Vosejpka, Clerk, by MJS